ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
DIAGEO NORTH AMERICA, INC.,

    Plaintiff/Counterclaim Defendant,

- against -

W.J. DEUTSCH & SONS LTD. d/b/a DEUTSCH
FAMILY WINE & SPIRITS, and BARDSTOWN
BARREL SELECTIONS LLC,

    Defendants/Counterclaim Plaintiffs.
- - - - - - - - - - - - - - - - - - - - X

17 Civ. 4259 (LLS)

ORDER

On the pending motions to dismiss the complaint (by defendant), to dismiss the counterclaims (by plaintiff), and to strike certain testimony and exhibits offered by the defendant (by plaintiff), both sides have submitted material rife with redactions. Since defendant has not submitted courtesy copies of its unredacted material, I am unable to assess the significance of the undisclosed matter. However, that is unimportant, because what is involved are matters of high principle and strong policy.

Although the protective order dated November 17, 2017, drafted and stipulated by the parties, which I approved and signed, in its paragraphs 12 and 13 provides for filing "all Confidential Information or Highly Confidential Information" and those portions of pleadings, motions, or other papers that disclose such information under seal with the Court, those

-1-

agreed procedures do not extend to material submitted to the Court to affect judicial determination of any issue. Such submissions are governed by a different regime entirely, as a matter of law.

Material submitted to the Court to affect the outcome of a disputed point must be publicly disclosed. That is a policy "firmly rooted in our nation's history" and public confidence in the administration of justice, see Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006), and, as "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment," documents submitted in connection with "summary judgment should not remain under seal absent the most compelling reasons." Id. at 121, quoting Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982). Continued "sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Lugosch, 435 F.3d at 124, quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987).

Accordingly, the present filings are stricken and will not be considered, without prejudice to submissions containing no redactions. Thus, the parties control what they wish to submit, and submit it publicly, and have time to obtain such exceptions

to this ruling as may be justified on individual documents, statements, or other evidence.

Each presently-effective date for the submission of those motions and responses is extended for 60 days to allow the parties to accommodate the necessary alterations in their submissions.

So ordered.

Dated:   December 3, 2019
         New York, New York

                                       *Louis L. Stanton*
                                     LOUIS L. STANTON
                                         U.S.D.J.