ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/28/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X
DIAGEO NORTH AMERICA, INC.,

    Plaintiff/Counterclaim-Defendant      17 Civ. 4259 (LLS)

    - against -                                     ORDER

W.J. DEUTSCH & SONS LTD. d/b/a
DEUTSCH FAMILY WINE & SPIRITS, and
BARDSTOWN BARREL SELECTIONS LLC,

    Defendants/Counterclaim-Plaintiffs.
- - - - - - - - - - - - - - - - - - - -X

    Defendants move to file several exhibits to their motions in limine under seal: Martin Jones's Expert Report (Dkt. 211), Phillip Hampton, II's Expert and Rebuttal Reports (Dkt. 221), Glenn May's Rebuttal Report (Dkt. 226), and Bryan Van Uden's Deposition Transcript and three Redemption financial documents (Dkt. 225).

    The public right to access judicial documents is "firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). The documents at issue are "relevant to the performance of the judicial function and useful in the judicial process" of deciding defendants' motions in limine, so the public has a right to access them. See Id. at 119. And the mere existence of a protective order calling for the sealing of documents designated confidential provides no support for "specific, on-the-record findings that sealing is necessary to preserve higher values . . . ." See Id. at 124.

-1-

-2-

Accordingly, defendants' motions to file under seal are denied. Defendants must forthwith publicly file in unredacted form the exhibits they previously filed under seal.

So ordered.

Dated:  New York, New York
        December 28, 2020

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.