UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**DIAGEO NORTH AMERICA, INC.**,

               Plaintiff/Counterclaim Defendant,

v.

**W.J. DEUTSCH & SONS LTD. d/b/a DEUTSCH FAMILY WINE & SPIRITS, and BARDSTOWN BARREL SELECTIONS LLC**,

               Defendants/Counterclaim Plaintiffs.

**ECF CASE**

Case No. 1:17-cv-04259-LLS

Hon. Louis L. Stanton

**ORAL ARGUMENT REQUESTED**

---

## DEFENDANTS/COUNTERCLAIM PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE PLAINTIFF/COUNTERCLAIM DEFENDANT'S EXPERT MARTIN JONES

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................... 1

II.    ARGUMENT .............................................................................................................. 2

      a.    Diageo Admits That Mr. Jones Cannot Offer Opinions On The Subjects Criticized In Deutsch's Motion .................................................................... 2

      b.    Mr. Jones Still Lacks The Proper Qualifications To Be An Expert ...................... 2

      c.    Mr. Jones' Opinions On Market Categories Are Not Relevant And Reliable ...................................................................................................... 3

      d.    Diageo Fails To Refute Deutsch's Argument That Mr. Jones' Opinion Was Unscientific ........................................................................................ 4

      e.    Diageo Fails To Demonstrate Why Mr. Jones' Opinions On Spirits Packaging And Design Are Relevant And Reliable ............................................. 5

      f.    Diageo Fails To Demonstrate Why Mr. Jones' Opinions On Deutsch's Industry Practices Are Relevant And Reliable ....................................... 7

      g.    Diageo Fails To Justify Mr. Jones Impermissible Factual Narrative And Legal Opinions .................................................................................... 9

III.    CONCLUSION ......................................................................................................... 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.*,
 348 F. Supp. 2d 217 (S.D.N.Y. 2004)...................................................................................4, 7

*AU New Haven, LLC v. YKK Corp.*,
 15-CV-3411 (GHW)(SN), 2019 WL 1254763 (S.D.N.Y. Mar. 19, 2019]),
 *objections overruled by* 1:15-cv-3411-GHW, 2019 WL 2992016 (S.D.N.Y.
 July 8, 2019)...........................................................................................................................6, 7

*Luxco Inc. v. Jim Beam Brands, Co.*,
 Case No. 14 C 0349, 2017 WL 395704 (N.D. Ill. Jan. 30, 2017).............................................3

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*,
 691 F. Supp. 2d 448 (S.D.N.Y. 2010)......................................................................................4

*Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*,
 988 F Supp. 2d 395 (S.D.N.Y. 2013).....................................................................................4, 7

*Singleton v. Fifth Generation, Inc.*,
 5:15-CV-474 (BKS/TWD), 2017 WL 5001444, at *5 (N.D.N.Y. Sept. 27,
 2017..........................................................................................................................................4

*SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC*,
 467 F.3d 107 (2d Cir. 2006).....................................................................................................4

**Other Authorities**

Fed. R. Evid. 702(a)-(d).....................................................................................................................7

## I.    INTRODUCTION

In its Motion in Limine to exclude Diageo[1] expert Martin Jones, Deutsch offered an extensive and thorough argument as to why Mr. Jones should be precluded from testifying at trial. Diageo's Memorandum Of Law In Opposition To Deutsch's Motion To Exclude The Testimony Of Martin Jones, Dkt. 257 ("Opp. Br.") offers nothing to refute this and, in fact, admits that Mr. Jones did not offer opinions on certain key subjects. First, right at the outset of the Opp. Br., Diageo admits that Mr. Jones is not offering opinions on: "(i) whether the Bulleit bottle is distinctive; (ii) whether the Redemption bottle is distinctive; and (iii) whether or not Redemption copied Bulleit. These were the three opinions that Deutsch focused its motion on." *Id.* at 1. Thus, the fact that Diageo admits that Mr. Jones will not offer an opinion on these items means that any testimony about them and any mention of them in Mr. Jones' report should be excluded. *See* Moving Br. Korotkin Decl., Ex. 1 at 25-28, Dkt. 209-1. Furthermore, Diageo also fails to demonstrate that Mr. Jones has the necessary qualification to be an expert as it does not address how his offered lack of experience can make up for his lack of formal training. Diageo also fails to refute Deutsch's arguments that Mr. Jones' "opinion" regarding market categorization or segmentation of spirits is flawed in several ways. In fact, Mr. Jones recognized these flaws in his deposition. *See* Korotkin Decl., Ex. 2 (Jones Dep. Tr. at 120:2-20, 122:2-123:7, 124:14-125:13, 149:4-151:22, 153:2-23,153:24-155:6, 160:11-162:15, 263:17-264:10, 269:22-270:4, 272:13-273:5, 273:14-275:9, 277:23-278:13), Dkt. 209-2. And yet, the Opp. Br. does nothing to counter that information.

Diageo also fails to refute Deutsch's argument that Mr. Jones' opinion was unscientific. In particular, Diageo failed to identify any scientific or statistical basis for his opinion or that he had

---

[1] Capitalized terms not otherwise defined herein are defined in Defendants/Counterclaim Plaintiffs' Memorandum Of Law In Support Of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Martin Jones, Dkt. 210 ("Moving Br."), which definitions are incorporated herein by reference.

Page 1 – REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE PLAINTIFF/COUNTERCLAIM DEFENDANT'S EXPERT MARTIN JONES

the necessary experience to formulate any opinion without scientific or statistical support. Next, Diageo does not properly address the flaws in Mr. Jones' opinion regarding spirits packaging and design. Deutsch's moving papers explains that subjects such as shelf placement and bottle shape are matters of fact on which a jury can render a decision by simple observation without the assistance of an expert. Diageo's Opp. Br. also fails to address why Mr. Jones should be allowed to provide expert testimony on such mundane factual maters. Diageo also fails to refute Deutsch's arguments that Mr. Jones merely offered his unfounded personal opinions on certain aspects of Deutsch's practices and improperly speculated as to the state of mind of Deutsch employees with respect to other Deutsch marketing practices. Finally, Diageo all but admits that Mr. Jones' opinion contains can improper factual narrative and an improper legal opinion regarding distinctiveness.

## II.     ARGUMENT

### a.     <u>Diageo Admits That Mr. Jones Cannot Offer Opinions On The Subjects Criticized In Deutsch's Motion.</u>

First and foremost, Diageo contends in its Opp. Br. that Mr. Jones was not offering opinions on: "(i) whether the Bulleit bottle is distinctive; (ii) whether the Redemption bottle is distinctive; and (iii) whether or not Redemption copied Bulleit." *See* Opp. Br. at 1. Indeed, Diageo cited the portion of Deutsch's Moving Br. that identified these inadmissible portions of the opinion. *See* Moving Br. at 1. Diageo then argues that his report makes clear, "Jones *is not offering any of those opinions.*" *See* Opp. Br. at 1 (emphasis added). Because those were the primary opinions objected to by Deutsch as stated in the Moving Br., *see* Moving Br. at 5, Diageo has conceded that an order should be entered prohibiting Mr. Jones from offering opinions on those three topics at trial.

### b.     <u>Mr. Jones Still Lacks The Proper Qualifications To Be An Expert.</u>

Next, Diageo seeks to refute Deutsch's argument that Mr. Jones lacks proper qualifications to be an expert in this case. *See* Opp. Br. at 8. Diageo claims that Mr. Jones has the necessary

Page 2 – REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE PLAINTIFF/COUNTERCLAIM DEFENDANT'S EXPERT MARTIN JONES

qualifications based on his "decades" long experience. *Id*. But, Diageo does not deny the fact that Mr. Jones' experience is in the wine industry not the spirits industry. *See* Moving Br. at 1. Diageo's attempt to save the Jones testimony from exclusion is based primarily on a single decision, in which Mr. Jones testified: *Luxco Inc. v. Jim Beam Brands, Co.,* Case No. 14 C 0349, 2017 WL 395704, at *8 (N.D. Ill. Jan. 30, 2017). However, in that case, Mr. Jones' opinion had nothing to do with the packaging of spirits. Rather, it concerned financial issues relating to payments made by a distributor into a "bank" or common fund, to be used for marketing, advertising, and promoting alcohol products sold to its distributors. *See id.* Here, Mr. Jones is attempting to offer opinions on far different subjects beyond his expertise, including pricing and placement of spirits rather than wine. Mr. Jones has no experience in the spirits industry. Thus, Diageo has failed to show Mr. Jones has the required qualifications to testify as an expert in this case.

c. <u>Mr. Jones' Opinions On Market Categories Are Not Relevant And Reliable.</u>

Diageo next claims that Mr. Jones' offered opinions on market categorizations that are both relevant and reliable. *See* Opp. Br. at 8-11. However, Diageo ignores the fact that Mr. Jones admitted in his deposition that his opinions on market categorization and segmentation were severely flawed. As noted in Deutsch's Moving Br., Mr. Jones admitted during his deposition that the purported market categorization or segmentation he opined on:

> (a) reflects *industry* terms that the *industry* uses for business purposes to track information and data; (b) does not cover all marketplaces and locations where the parties' spirits products are sold; (c) is not followed by all stores, bars, or accounts; (d) is not recognized or used by consumers[]; and (e) is not relevant to the question of *consumers*' perceptions or exposures, nor any likelihood of confusion, because *consumers* generally do not limit their purchases to one specific type of spirits or price point, instead they purchase an array of different types of alcoholic beverage products at different price points for different occasions.

*See* Moving Br. at 16 (emphasis added). Diageo has failed to address these serious flaws in in its brief.

Page 3 – REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE PLAINTIFF/COUNTERCLAIM DEFENDANT'S EXPERT MARTIN JONES

Rather, Diageo cites two cases for the proposition that Mrs. Jones' opinion on market categories should not be excluded but rather just given less weight. *See* Opp. Br. at 10. However, in *Singleton v. Fifth Generation, Inc.,* 5:15-CV-474 (BKS/TWD), 2017 WL 5001444, at \*5 (N.D.N.Y. Sept. 27, 2017), the Court held that the subject expert's method was "somewhat shaky" and only deemed the expert's opinion to be admissible because of his substantial experience in the field. As established above, and in the Moving Br., Mr. Jones lacks experience in the spirits industry, so this case is not applicable. The other opinion Diageo cites, *Reach Music Pub., Inc. v. Warner Chappell Music, Inc.,* 988 F Supp. 2d 395, 405 (S.D.N.Y. 2013), is of no value because it offered little explanation as to why the subject expert's opinion was not excluded.

        d.   Diageo Fails To Refute Deutsch's Argument That Mr. Jones' Opinion Was Unscientific.

Diageo next addresses Deutsch's argument that the Court should exclude Mr. Jones' personal opinion that consumers are only exposed to specific types of alcoholic beverage products and specific price points. Diageo does not deny the fact that these opinions are based on unfounded assumptions unsupported by any empirical research, such as consumer surveys and store visit reports. *See* Opp. Br. at 11-12. Again, Diageo claims that Mr. Jones' lack of scientific evidence or expertise should be ignored because of his extensive experience in the (wine) industry. However, the cases that Diageo cites to excuse lack of empirical evidence supporting the Jones Report involved far different facts than this case. *See* Opp. Br. at 11 (citing *SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC,* 467 F.3d 107, 132–33 (2d Cir. 2006); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC,* 691 F. Supp. 2d 448, 463 (S.D.N.Y. 2010); *Cartier, Inc. v. Four Star Jewelry Creations, Inc.,* 348 F. Supp. 2d 217, 221 (S.D.N.Y. 2004)). In each of those cases, the experts in question had extensive experience in the precise industries at issue in this case. As set forth in the Moving Br. and above, Mr. Jones does not have extensive

Page 4 – REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE PLAINTIFF/COUNTERCLAIM DEFENDANT'S EXPERT MARTIN JONES

experience in the spirits industry. Rather, most of Mr. Jones experience is in the wine industry rather than in the spirits industry. Diageo attempts to excuse Mr. Jones by claiming that Deutsch's expert, Drew DeSarno also lacks scientific expertise. However, Mr. DeSarno does have experience in the spirits industry and was working at Joseph E. Seagram & Sons, Inc. when that company created the Bulleit bottle by copying a pre-existing generic bottle. Moreover, Diageo had the opportunity to air its grievances about Mr. DeSarno in its own motions, and its attack on Mr. DeSarno cannot overcome Mr. Jones' lack of competence to testify on the topics in his report.

> e.  Diageo Fails To Demonstrate Why Mr. Jones' Opinions On Spirits Packaging And Design Are Relevant And Reliable.

Diageo also fails to meet its burden of proving that Mr. Jones' opinions on spirits packaging and design are relevant and reliable. *See* Opp. Br. at 12-14.

Diageo takes aim at Deutsch's argument that such opinions are well within the purview of a jury. *See id.* at 13. However, the testimony of an unqualified expert can only confuse the jury and cause undue prejudice to Deutsch. Diageo claims packaging and design are appropriate subjects for expert testimony by citing to this fact: when Seagram's designed the Bulleit Trade Dress, it hired an award-winning designer (who had never designed a bottle), who spent several months creating a unique design (copied from a generic pre-existing bottle), that fit the Bulleit brand positioning (replication of a non-original bottle typically used in the 1800's); and when Deutsch re-designed the Redemption packaging it hired outside agencies to conduct consumer research. *See* Opp. Br. at 13. According to Diageo, the parties—and spirits companies generally— would not go to such expense and enlist industry expertise if spirits packaging design were a simple lay concept. *See id.*

None of Diageo's arguments are germane to Mr. Jones' lack of expertise in the whiskey packaging field or the facts on which he seeks to opine. Deutsch contends that Mr. Jones' opinion

Page 5 – REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE PLAINTIFF/COUNTERCLAIM DEFENDANT'S EXPERT MARTIN JONES

on the designs or packaging elements like the oblong round shouldered shape of the Bulleit bottle and many other spirits whiskey products are matters of fact, and expert witness testimony is not needed to aid the jury in evaluating these commonly used designs, the store layouts where they are stored, and other claims, particularly expert opinion unsupported by empirical evidence. *See* Moving Br. at 19. A jury does not need an expert to explain the different shapes used for spirits bottles, all of which can be assessed by the jury when they look at the more than 300 bottles with oblong or flask shapes like the one used for Bulleit. Jones has conducted no surveys or other studies that would enable him to give general opinions as to how liquor stores are laid out or as to how products are priced. Thus, his opinion would be without basis.

Furthermore, Diageo fails to explain why the personal opinions of an expert are needed to buttress the claims it makes in this case when courts require scientifically supported opinions for such claims. Deutsch offered extensive evidence on the process it followed in designing its Redemption bottles. Seagram merely had its designer Sandstrom look at old bottles and copy one. The jury can draw its own conclusions based on this evidence and does not need an expert, let alone Mr. Jones, to further explain how such evidence relates to the parties' claims. In fact, Diageo's own witnesses have conceded that the Bulleit bottle is not unique, that it has no exclusive rights in the elements that supposedly comprise its trade dress, and that all of those features individually and collectively are functional (round shouldered, oblong shaped bottles, clear glass, embossing, cork closures, outlines on labels, text dividers, etc.)

Finally, the cases relied on by Diageo are distinguishable in that they all involved experts with extensive background and experience in the relevant industry. As noted, Mr. Jones' experience with wine is irrelevant to and of little value in a case involving spirits industry. Specifically, in *AU New Haven, LLC v. YKK Corp.*, 15-CV-3411 (GHW)(SN), 2019 WL 1254763,

at *3 (S.D.N.Y. Mar. 19, 2019]), *objections overruled by* 1:15-cv-3411-GHW, 2019 WL 2992016

(S.D.N.Y. July 8, 2019), cited on p. 13 of the Opp. Br., the expert in question opined on the

outerwear industry's use of zippers in a case involving patents for water resistant zippers, and had

extensive experience in the *outerwear* industry. By contrast, most of Mr. Jones' experience is not

in the spirits industry, the specific subset of the alcoholic beverage industry at issue in this case,

but rather in a different subset – the wine industry. In *Cartier, Inc. v. Four Star Jewelry Creations,*

*Inc.,* 348 F Supp. 2d 217, 221 (S.D.N.Y. 2004), cited on p. 14 of the Opp. Br., the expert in question

testified regarding the luxury watch market and not only had a Master's degree in watchmaking,

but also was involved in all aspects of the watchmaking business. Mr. Jones does not have similar

training, nor does he have similar specific industry experience, as noted. In *Reach Music,* also cited

on p. 14 of the Opp. Br., the expert in question was an entertainment lawyer with experience in

music publishing, intellectual property, and content licensing and negotiations who testified on

custom and practice in the music industry. *Reach Music*, 988 F. Supp. 2d at 403. Again, unlike

that expert, Mr. Jones' primary experience is not the spirits industry at issue in this case.

> f.   Diageo Fails To Demonstrate Why Mr. Jones' Opinions On Deutsch's Industry
>       Practices Are Relevant And Reliable.

The Opp. Br. next focuses on Mr. Jones' opinions as to Deutsch's marketing practices. *See*

Opp. Br. at 14-18. Diageo argues that it is permitted to put forth an expert such as Mr. Jones to

offer (speculative personal) opinions as to the mental impressions of consumers and as to how they

might be confused by the functional shapes of the Bulleit and Redemption bottles because the two

are similarly shaped. *See id.* This type of unfounded opinion is barred by Rule 702(a)-(d) of the

Federal Rules of Evidence. Mr. Jones admitted that his opinions were based not on scientific

evidence or experience, but rather on his personal opinion. *See* Korotkin Decl., Ex. 2 (Jones Depo.

Tr. at 258:3-259:7), Dkt. 209-2. Indeed, he admitted that he was retained to offer an opinion on

Page 7 – REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO
EXCLUDE PLAINTIFF/COUNTERCLAIM DEFENDANT'S EXPERT MARTIN JONES

the resemblance of the two products in terms of packaging and that he personally believed the Redemption and Bulleit packaging looked the same. *See* Moving Br. at 10. This admission alone mandates the exclusion of his report and testimony. Only the jury in this case can decide under appropriate instructions from the Court, whether the Bulleit and Redemption bottles are so similar as to create a likelihood of confusion, in light of their prominent brand names, different shapes, and completely different labels. Mr. Jones cannot be allowed to testify because he freely admitted that his belief that Redemption and Bulleit look the same is subjective and personal to him. *See id.* at 11. Diageo cannot deny these admissions by its expert and there is nothing it can say to make these personal opinions admissible. Rather, it focuses on other objections Deutsch made regarding the inadmissible legal conclusions and factual narrative that are addressed below.

Furthermore, Diageo does nothing to refute Deutsch's argument that Mr. Jones' opinions regarding Deutsch's bottle design practices and the intentions of its employees are baseless. Diageo claims that Mr. Jones did not opine extensively on the motivations and thoughts of Deutsch employees in designing the Redemption bottle. However, Mr. Jones provide an unsupported personal opinion that Deutsch's employees designed the Redemption bottled with an intent to capitalize on Bulleit's reputation in order to gain acceptance for Redemption among consumers. Moreover, despite the dramatic differences in the appearance of the bottles, Mr. Jones claimed that Deutsch copied the overall appearance of the Bulleit bottle and allegedly adopted purported undefined package imagery already associated with Bulleit. *See* Moving Br. at 13. Mr. Jones' opinions are unsupported by any scientific measurement as to whether consumer associate Redemption with any Bulleit imagery, and there is no evidence that any consumers believe there has been any such copying. Because Mr. Jones has no empirical support for his opinions, he should

Page 8 – REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE PLAINTIFF/COUNTERCLAIM DEFENDANT'S EXPERT MARTIN JONES

not be allowed to express them to the jury. None of Diageo's claims is permitted under applicable case law. *See* Opp. Br. at 18.

g. Diageo Fails To Justify Mr. Jones Impermissible Factual Narrative And Legal Opinions.

In its Moving Br., Deutsch demonstrated that Mr. Jones has included an improper and inaccurate factual narrative: "(i) on the history and background of Deutsch's acquisition of Redemption; (ii) Deutsch's redesign of the Redemption packaging; (iii) the marketing of Deutsch's Redemption products; and (iv) the claims at issue in the Complaint." *See* Moving Br. at 7. Diageo's only explanation in response to this showing is that Mr. Jones was providing a factual predicate to his opinion. This feeble argument fails to rebut the impropriety of masquerading a fact witness and an expert. Later, Diageo acknowledges that such a factual narrative is improper by noting that the facts opined on by Mr. Jones will be provided at trial by the appropriate witnesses with the necessary knowledge of such facts. *See* Opp. Br. at 19–20. Mr. Jones was not identified as a fact witness, and he should not be allowed to testify as one.

Finally, as demonstrated in the Moving Br., Mr. Jones offered a legal opinion that the Bulleit and Redemption bottles were distinctive. *See* Moving Br. at 20–22. This offering is merely another inadmissible personal opinion because Mr. Jones offered no supporting survey, consumer perception evidence, third party use evidence, or any functionality analysis. For the reasons set forth in the Moving Br., as well as for the reasons that Diageo has presented in its own motions to exclude, this statement is also a legal opinion on which Mr. Jones is unqualified to testify. And while Diageo attempts to finesse what Mr. Jones actually said, it does not dispute the fact that he opined on distinctiveness and that this issue can be decided only by the jury under proper instruction from the Court.

Whether the Bulleit bottles design is distinctive, generic, functional, abandoned, or diluted by the extensive third party use of flask shaped bottles are legal questions on which Mr. Jones is unqualified to opine.

## III.   CONCLUSION

For the reasons set forth above, and in the Moving Br., Deutsch respectfully requests that this Court issue an order precluding Mr. Jones from offering expert testimony at trial on any of the "opinions" set forth in his written report or in his deposition.

Respectfully submitted,

Dated: January 26, 2021            By:   _____

Michael A. Grow, *pro hac vice*
1717 K Street, NW
Arent Fox LLP
Washington, DC 20006
Tel.:  (202) 857-6000
Fax:  (202) 857-6395
Michael.Grow@arentfox.com

Howard Graff
Eric Biderman
Lindsay Korotkin
Arent Fox LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Tel.:  (212) 484-3900
Fax:  (212) 484-3990
Howard.Graff@arentfox.com
Eric.Biderman@arentfox.com
Lindsay.Korotkin@arentfox.com

*Attorneys for Defendants/Counterclaim Plaintiffs*
*W.J. Deutsch & Sons Ltd. d/b/a Deutsch Family*
*Wine & Spirits and Bardstown Barrel Selections*
*LLC*