UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIAGEO NORTH AMERICA, INC., | |
|       Plaintiff/Counterclaim Defendant, | ECF CASE |
| v. | Case No. 1:17-cv-04259-LLS |
| W.J. DEUTSCH & SONS LTD. d/b/a DEUTSCH FAMILY WINE & SPIRITS, and BARDSTOWN BARREL SELECTIONS LLC, | Hon. Louis L. Stanton |
|       Defendants/Counterclaim Plaintiffs. | ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF DEUTSCH'S MOTION
IN LIMINE NO. 2 TO PRECLUDE EVIDENCE OF DAMAGES OTHER THAN
<u>AN EQUITABLE ACCOUNTING OF DEFENDANT'S PROFITS [DEUTSCH MIL#2]</u>**

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................................1

FACTS ......................................................................................................................................1

ARGUMENT ............................................................................................................................8

   DIAGEO'S FAILURE TO PRODUCE ANY EVIDENCE OR COMPUTATION OF
   DAMAGES BARS INTRODUCTION OF SUCH EVIDENCE AT TRIAL ..............................8

CONCLUSION .......................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*4 Pillar Dynasty LLC v. New York & Co.*,
 933 F.3d 202 (2d Cir. 2019)................................................................................................13

*Agence France Presse v. Morel*,
 293 F.R.D. 682 (S.D.N.Y. 2013) ..........................................................................................9

*Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*,
 No. 14-CV-585 (AJN), 2018 WL 4253181 (S.D.N.Y. Sept. 5, 2018).................................14

*In re CIL Ltd.*,
 Case No. 13-11272-JLG, 2019 WL 1750909 (Bankr. S.D.N.Y. April 8, 2019) ....................9

*Design Strategy, Inc. v. Davis*,
 469 F.3d 284 (2d Cir. 2006).....................................................................................9, 10, 12

*George Basch Co. v. Blue Coral, Inc.*,
 968 F.2d 1532 (2d Cir. 1992)..............................................................................................13

*Gym Door Repairs, Inc. v. Young Equipment Sales, Inc.*,
 331 F.Supp.3d 221 (S.D.N.Y. 2018).....................................................................................9

*Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.*,
 No. 05-60120, 2007 WL 627874 (E.D. Mich. Feb. 26, 2007), *aff'd*, 358 F.
 App'x 643 (6th Cir. 2009) ....................................................................................................9

*Polo Fashions, Inc. v. Extra Special Prods., Inc.*,
 No. 77 Civ. 5023, 1980 WL 30287 (S.D.N.Y. Mar. 5, 1980) .............................................14

*Sazerac Co. v. Fetzer Vineyards, Inc.*,
 251 F. Supp. 3d 1288 (N.D. Cal. 2017), *aff'd*, 786 F. App'x 662 (9th Cir.
 2019) .....................................................................................................................................9

*Use Techno Corp. v. Kenko USA, Inc.*,
 No. C-06-02754 EDL, 2007 WL 4169487 (N.D. Cal. Nov. 20, 2007) .................................9

*Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co.*,
 630 F. Supp. 2d 255 (E.D.N.Y. 2008) ................................................................................14

**Statutes**

15 U.S.C. § 1117(a) ....................................................................................................................1

Fed.R.Civ.P. 16(1)(A)(iii) ..................................................................................................1

Fed.R.Civ.P. 26 ...................................................................................................7, 11, 13

Fed.R.Civ.P. 26(a) ............................................................................................10, 11, 12

Fed.R.Civ.P. 26(a)(1)(c) ...................................................................................10, 11, 12

Fed.R.Civ.P. 30(b)(6) ....................................................................................................5, 6

Fed.R.Civ.P. 34 ..........................................................................................10, 11, 12, 13

Fed.R.Civ.P. 37(b) ........................................................................................................10

Fed.R.Civ.P. 37(c)(1) ....................................................................................................10

## INTRODUCTION

Diageo claimed during discovery that it is seeking only an accounting for Deutsch's profits in this proceeding. Deutsch was able to cross-examine Diageo's expert witness on the claim for Defendant's profits. The parties are ready to proceed to trial on that claim and all other claims and counterclaims, including Diageo's meritless claim for an accounting of Deutsch's profits.

But Diageo never disclosed or identified any category of monetary relief other than Defendant's profits during discovery. Moreover, Diageo never furnished any computation of any other category of monetary relief and never provided any expert report on any such relief. Deutsch has had no discovery on any theory of damages (other than an accounting of Defendant's profits) that Diageo might intend to present at trial, and it would be unfair to permit Diageo to present any last minute theory of damages or undisclosed computation of damages for the first time at trial.

Under well-settled Second Circuit precedent supported by the Rule 16(1)(A)(iii) of the Federal Rules of Civil Procedure and other relevant rules, Diageo is not permitted to seek damages never identified in its initial disclosures or discovery responses and never supported by any computation. Accordingly, Deutsch is entitled to an order precluding any evidence whatsoever of any category of damages or other monetary relief apart from an accounting of Defendant's profits.

## FACTS

In its Complaint, Diageo sought only equitable relief and unspecified "actual and compensatory damages" and that "Defendants be ordered, pursuant to 15 U.S.C. § 1117(a) and New York law, to pay to Diageo all damages sustained by Diageo as a result of Defendants' infringement and dilution of Diageo's Bulleit Design Mark and Trade Dress and their deceptive acts . . . ." (Compl., ECF. No. 1 ¶¶ 38, 43, 52, 61, 71, 77, at 20 ¶ 5; id. at 19-21). However, Diageo never identified in its initial disclosures or in its discovery responses any specific monetary relief other

1

than an accounting for profits and never furnished a computation of anything other than income derived from Deutsch's sales of Redemption whiskey. *See* Declaration of Michael Grow in Support of Deutsch's Motion in Limine No. 2 to Preclude Evidence of Damages Other Than an Equitable Accounting of Defendant's Profits [Deutsch MIL#2] dated June 18, 2021 ("Grow Decl.").

<u>Initial Disclosures Never Identified Any Category of Damages Other Than an Accounting of Profits and Diageo Never Furnished Any Computation of Damages</u>

Diageo served three disclosure documents during the four years in which this case has been pending. (Exs. 1-3 to Grow Decl.: (1) Initial Disclosures dated September 6, 2017; (2) Amended Initial Disclosures dated September 19, 2018; and (3) Second Amended Initial Disclosures dated January 28, 2019.) However, Diageo failed to identify in these documents any cognizable theory, form or specific amount of actual damages, and at no time ever did Diageo furnish a computation of money damages or its own lost profits.

Instead, in its original Initial Disclosures (Ex. 1 to Grow Decl. (emphasis added)), Diageo claimed it needed discovery to calculate damages:

> **III. Rule 26(a)(1)(A)(iii) – Damages**
> Diageo believes that *discovery will be necessary before it can calculate its damages* arising out of Defendants' acts of infringement of the Bulleit Design Mark and Trade Dress Packaging, unfair competition, and dilution. Diageo further states that it is likely to recover an accounting of Defendants' profits for sales of the Accused Products. Diageo further states that Defendant's conduct has caused immediate and irreparable damage to Diageo's rights, business, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.
> Diageo expressly reserves its right to modify and supplement its computation of damages based upon further investigation and discovery in this matter.

Diageo claimed it still needed discovery to calculate damages in its Amended Initial Disclosures (Ex. 2 to Grow Decl. (emphasis added)) and merely made a vague reference to lost

profits and a reasonable royalty with no indication as to how any such relief would be calculated and no computation whatsoever:

> ### III. **Rule 26(a)(1)(A)(iii) – Damages**
> *Discovery is ongoing and necessary before Diageo can calculate its damages* arising out of Defendants' acts of infringement of the Bulleit Design Mark and Trade Dress Packaging, unfair competition, and dilution. Diageo is entitled to an accounting of Defendants' profits for sales of the Accused Products. Diageo is also entitled to lost profits and/or a reasonable royalty given the parties' products are directly competitive, Defendants committed willful acts of trademark infringement, and there has been actual confusion. Diageo further states that Defendants' conduct has caused immediate and irreparable damage to Diageo's rights, business, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.
> Diageo expressly reserves its right to modify and supplement its computation of damages based upon further investigation and discovery in this matter.

And Diageo later merely repeated its first amended disclosures and claimed it still needed more discovery to calculate damages in its Second Amended Initial Disclosures served in 2019 (Ex. 3 to Grow Decl. (emphasis added)):

> **III. Rule 26(a)(1)(A)(iii) – Damages**
> *Discovery is ongoing and necessary before Diageo can calculate its damages* arising out of Defendants' acts of infringement of the Bulleit Design Mark and Trade Dress Packaging, unfair competition, and dilution. Diageo is entitled to an accounting of Defendants' profits for sales of the Accused Products. Diageo is also entitled to lost profits and/or a reasonable royalty given the parties' products are directly competitive, Defendants committed willful acts of trademark infringement, and there has been actual confusion. Diageo further states that Defendants' conduct has caused immediate and irreparable damage to Diageo's rights, business, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.
> Diageo expressly reserves its right to modify and supplement its computation of damages based upon further investigation and discovery in this matter.

Although the parties conducted extensive discovery, Diageo never amended its Disclosures to include any computation of damages. Thus, the record is absolutely crystal clear that Diageo has suffered no damages whatsoever, because it never provided a computation of any damages even though discovery was completed long ago.

<u>Diageo Never Identified Any Category of Damages and Never Furnished Any Calculation</u>

Deutsch did not merely accept the Diageo's Initial Disclosures relating to the issue of damages. On the contrary, Deutsch actively tried to ascertain any evidence or computation of damages Diageo might have by serving interrogatories and requests for production and by taking depositions of fact and expert witnesses in which Deutsch specifically asked Diageo to identify the nature of any alleged damages it sought by Diageo and any computation of such

4

damages. But Diageo never identified with specificity any damages and never furnished any computation despite Deutsch's comprehensive discovery efforts.

Diageo Never Produced Documents Regarding Any Category of Damages In Response to Deutsch's Requests for Production

Deutsch served several requests for production of documents relevant to any conceivable category of damages including Request Nos. 12, 42, 43, 45, 51, 52, and 53. (*See* Ex. 4 to Grow Decl., Diageo's First Responses and Objections to Deutsch's First Set Of Request For Production Of Documents dated October 9, 2017.)

While Diageo claimed it would produce documents to support claims of lost profits and reasonable royalty damages (*id.*), Diageo never produced any such documents.

Diageo Never Produced a Fact Witness to Testify Regarding Any Category of Damages

Diageo never produced any fact witness to testify regarding any category of actual damages despite the fact that Deutsch served a Rule 30(b)(6) deposition notice (Ex. 5 to Grow Decl.) specifically demanding this information. Deutsch's Rule 30(b)(6) notice required *inter alia* Diageo to produce a witness prepared to testify about topic 31: "The factual basis of every claim in Your Complaint in the Diageo Litigation, including, but without limitation, how You have been allegedly harmed or damaged by the Defendants."

Diageo agreed to produce Ed Bello as its Rule 30(b)(6) representative on *inter alia* topic 31. But Mr. Bello never identified any facts or documents concerning any category of damages. When Deutsch's counsel asked Mr. Bello about damages sustained by Diageo, if any, he was unable to articulate any facts in support of any damage claim and only provided vague and unsubstantiated speculation that Diageo was "absolutely . . . losing sales and [the] value of the brand." (Grow Decl. Ex. 6, 30(b)(6) Deposition of Edward Bello, October 5, 2018 (("Bello Dep.") at 401:19–402:2).) Mr. Bello also claimed that the rate of growth in sales of Diageo's

5

Bulleit products had slowed since the release of the Redemption product. *Id.* (Bello Dep. at 403:12–18). Neither Mr. Bello nor any other Diageo witness ever identified any specific facts or documents showing that Diageo's Bulleit sales decreased due to the relatively miniscule sales of Deutsch's Redemption product nor was any evidence presented of any lost brand value at all let alone any loss caused by Deutsch.

Diageo Never Produced an Expert Witness to Testify Regarding Any Category of Damages And Only Offered an Expert Who Enumerated Deutsch Sales

Diageo only served one expert report related to monetary relief, from Bryan Van Uden. (Grow Decl. Ex. 7, Expert Report of Bryan Van Uden dated March 1, 2019 ("Van Uden Report").) That report identified no lost sales or other actual damages suffered by Diageo and did not even attempt to calculate Deutsch's profits. Instead, Van Uden merely summarized Redemption whiskey sales data reported by Deutsch without deducting the costs incurred by Deutsch in selling its products. (*See* Van Uden Report (Table of Contents (identifying under "Analysis of Remedies Available to Diageo Arising From Defendants' Alleged Infringement" only a single theory of "Calculation of Deutsch's Profits Attributable to its Alleged Infringement") & p. 2 ("I have been requested to calculate the remedies available to Diageo, including the amount of revenue and profit that *may* be subject to disgorgement…. I have been asked to calculate the Defendants' profits that may be subject to disgorgement….") (emphasis added)).)

Deutsch confirmed at his deposition that Van Uden was not offering an opinion about any category of damages or other form of monetary relief apart from an equitable an accounting for Deutsch's profits. (Grow Decl. Ex. 8, Deposition of Bryan Van Uden, May 29, 2019 ("Van Uden Dep.") at 19:4-8; 22:17-23:4; 79:18-23; 86:7-12; 87:25-89:2).) Thus, Diageo's only damage expert failed to disclose any evidence, or calculation for damages, lost profits or reasonable

6

royalty damages or any other form of monetary relief and his opinion on profits allegedly earned by Deutsch was inadequate and incomplete.

<u>Diageo's Interrogatory Answers Never Disclosed any Monetary Remedy or Calculation Other Than An Equitable Accounting for Deutsch's Profits</u>

Deutsch specifically asked about damages in its interrogatories. (Ex. 9 to Grow Decl., Deutsch's First Set of Interrogatories dated August 31, 2017). Interrogatory Number 14 stated: "Identify the facts relating to the computation of each category of damage alleged in this Action." *Id.*

In Diageo's First Amended Responses and Objections to Deutsch's First Set Of Interrogatories dated September 19, 2018 (Ex. 10 to Grow Decl.), Diageo admitted that it was unable to calculate damages at the time, it described no method for calculating any damages and only said it would calculate Deutsch's profits by looking only at gross sales, without consideration of Deutsch's costs:

> Plaintiff states that underlying facts relating to the computation of damages from Defendants' willful acts of trademark infringement, unfair competition, and dilution are set forth in Diageo's Complaint, ECF 1. *Diageo is entitled to an accounting of Defendants' profits* for their acts of willful and knowing trademark infringement. Defendant's profits will be calculated based on their gross revenues of sales of the Accused Products from the start of the period of infringement to the present date. Diageo is also entitled to lost profits and/or a reasonable royalty given the parties' products are directly competitive, Defendants committed willful acts of trademark infringement, and there has been actual confusion. Plaintiff has not yet completed deposition or started expert discovery from Defendants, and therefore will supplement its response to the extent required under Federal Rule of Civil Procedure 26.

(Ex. 10 to Grow Decl. (emphasis added).) Diageo never supplemented or amended this answer with any calculation of its own lost profits, any royalty or any other form of damages, even after completing full discovery, thereby conceding that it suffered no such damages.

7

Diageo Is Attempting to Ambush Deutsch at Trial By Offering Undisclosed Evidence and Damage Calculations Never Furnished In Discovery

Despite having never identified any evidence of actual damages attributable to Deutsch's sales of Redemption products, Diageo announced it intends to seek an unspecified amount of money damages at trial that is completely unsupported by any calculation or underlying evidence. (*See* Ex. 11 to Grow Decl., Diageo's Responses and Additional Findings in Response to Deutsch's Statement Contesting Diageo North America Inc.'s Proposed Findings of Fact dated November 24, 2020, on its Affirmative Claims No. 26.)

Deutsch met and conferred extensively with Diageo on its failure to comply with its obligation to disclose and provide a computation for its unsupported damage claims. This motion is necessary because Diageo has not withdrawn its damage claims nor has it included any disclosure, computation or evidence of damage in its trial exhibits.

## ARGUMENT

### DIAGEO'S FAILURE TO PRODUCE ANY EVIDENCE OR COMPUTATION OF DAMAGES BARS INTRODUCTION OF SUCH EVIDENCE AT TRIAL

A plaintiff like Diageo that fails to produce a specific computation of damages with its initial disclosures and during discovery is precluded from introducing evidence of such damages at trial. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (precluding plaintiff from presenting evidence of lost profits where plaintiff failed to disclose the supporting evidence in its initial disclosures or during discovery); *In re CIL Ltd.*, Case No. 13-11272-JLG, 2019 WL 1750909, at *9–*18 (Bankr. S.D.N.Y. April 8, 2019) (precluding plaintiff from introducing evidence of damages based on record value and control value due to plaintiff's failure to produce such damages evidence in its initial disclosures or during discovery); *Gym Door Repairs, Inc. v. Young Equipment Sales, Inc.*, 331 F.Supp.3d 221, 238–39 (S.D.N.Y. 2018) (plaintiffs' failure to

disclose computations of damages and supporting documentation resulted in preclusion of such evidence); *Agence France Presse v. Morel*, 293 F.R.D. 682, 684–85 (S.D.N.Y. 2013) (precluding plaintiff from proving type of damages (statutory damages) due to plaintiff's failure to disclose a damages computation based on such damages in its initial disclosures or during discovery); *see also Sazerac Co. v. Fetzer Vineyards, Inc.*, 251 F. Supp. 3d 1288, 1308-09 (N.D. Cal. 2017), *aff'd*, 786 F. App'x 662 (9th Cir. 2019) (granting summary judgment where plaintiff failed to disclose damages calculations in initial discovery); *Use Techno Corp. v. Kenko USA, Inc.*, No. C-06-02754 EDL, 2007 WL 4169487, at *4 (N.D. Cal. Nov. 20, 2007) (precluding plaintiff from presenting evidence of damages where plaintiff failed to disclose its proposed damages calculations through initial disclosures, discovery responses, or an expert report); *Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.*, No. 05-60120, 2007 WL 627874, at *7 (E.D. Mich. Feb. 26, 2007), *aff'd*, 358 F. App'x 643 (6th Cir. 2009) (precluding plaintiff from introducing evidence of damages where plaintiff failed to "calculate its damages in its initial disclosures or in response to [an] interrogatory" or in an expert report, but rather "blindsided [the opposing party] by calculating its damages for the first time in response to [a] motion for summary judgment").

Rule 26(a)(1)(c) of the Federal Rules of Civil Procedure provides that:

> a party must, without awaiting a discovery request, provide to other parties: ... a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered ….

Rule 37(c)(1) provides in part that "a party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless, be permitted to use as evidence at a trial ... any ... information not so disclosed."

The Second Circuit affirmed an order precluding a plaintiff from presenting evidence in support of its claim for lost profits, pursuant to Fed.R.Civ.P. 37(b), on the ground that the plaintiff had not disclosed the computation of those lost profits, as required by Fed.R.Civ.P. 26(a)(1)(c). *Design Strategy, Inc.*, 469 F.3d at 295. In its opinion, the Second Circuit cited four circumstances justifying preclusion. First, the plaintiff failed to disclose "lost profits" as even a "category" of "damages" sought on its initial disclosure statement, as the plaintiff included a generic reference to "damages" but omitted any reference to its own lost profits as a measure of recompense, focusing instead on monies earned by the defendants. The defendants were, therefore, without notice that such claims would be an issue until they were provided, shortly before the commencement of trial, with the names of two witnesses who would testify as to lost profits. *Id.*

Second, by its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a "computation," supported by documents. The need for computation and supporting documents is especially necessary in a case where the damages claim is for lost profits. The plaintiff's conclusory assertion of entitlement to was wholly inadequate as a measure of damages. *Id.*

Third, Rule 26(a) requires a party to provide a computation of any category of damages voluntarily, i.e., "without awaiting a discovery request"; the plaintiff's failure to comply with this requirement was especially troubling since the defendants specifically requested a calculation of damages. *Id.*

Fourth, Rule 26(a) requires a party—in addition to providing a calculation of damages—to make "available for inspection and copying as under Rule 34 the documents or other evidentiary material ... on which such computation is based." The Advisory Committee Notes to

10

Rule 26(a)(1)(c) accompanying its promulgation make clear that the rule "imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34." Fed.R.Civ.P. 26 Advisory Committee Notes to 1993 Amendments. The plaintiff failed to disclose both a calculation of damages and the documents supporting that calculation. *Id.* at 295–96.

    Here, there is absolutely no dispute that three of the four circumstances cited by the Second Circuit bar Diageo from claiming damages at trial in this case. First, Diageo vaguely asserted that it would seek lost profits or reasonable royalty in its amended initial disclosures but never indicated how these could be calculated and never produced any evidence or other information articulating what if any lost profits it suffered nor did it provide any evidence as to the amount of any reasonable royalty that it would seek, nor did it offer any expert witness testimony on these subjects. Deutsch was thus completely without notice that such claims would be an issue until they were raised in response to Deutsch's objection to a jury trial long after discovery had closed. Without disclosures in discovery concerning these as yet undefined claims, Deutsch has no way to defend itself against as yet unspecified claims. Diageo has still failed to identify any witness or evidence concerning any profits it allegedly lost due to the sale of Deutsch's Redemption products or as to any royalty amount.

    Second, Diageo never complied with the requirement of Rule 26(a) to provide a "computation," supported by documents, of any category of damages sought. As the Second Circuit stated, the need for computation and supporting documents is especially necessary in a case such as this, where the damages claim is for lost profits. *Design Strategy*, 469 F.3d at 295.

Even as Deutsch submits this Deutsch MIL#2, Deutsch is still without notice as to Diageo's conclusory assertion of entitlement to any monetary relief apart from an equitable accounting of Deutsch's profits.

Third, Diageo was required by Rule 26(a) to provide a computation of any category of damages voluntarily, i.e., "without awaiting a discovery request"; Diageo's failure to comply with this requirement is especially troubling given Deutsch's comprehensive efforts and specific demands in discovery to obtain any calculation of damages.

Fourth, Diageo never produced even a single piece of paper in compliance with Rule 26(a)'s requirement that a party—in addition to providing a calculation of damages—make "available for inspection and copying as under Rule 34 the documents or other evidentiary material ... on which such computation is based." The Advisory Committee Notes to Rule 26(a)(1)(c) accompanying its promulgation make clear that the rule "imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34." Fed.R.Civ.P. 26 Advisory Committee Notes to 1993 Amendments. Here, Diageo failed to disclose any documents supporting a damage calculation.

Diageo has failed to identify any documents or other evidence in discovery relating to any lost profits attributable to Redemption sales or as to any royalty.

The various categories of monetary relief available under Section 1117 of the Lanham Act: "(1) defendant's profits" and "(2) any damages sustained by the plaintiff." 15 U.S.C. § 1117. *See George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir. 1992) ("an

12

accounting for profits is normally available only if the defendant is unjustly enriched, if the plaintiff sustained damages from the infringement, *or* if the accounting is necessary to deter a willful infringer from doing so again.") (emphasis added) (quotation and citation marks omitted); *see also 4 Pillar Dynasty LLC v. New York & Co.*, 933 F.3d 202, 212 (2d Cir. 2019) ("we identified three categorically distinct rationales for awarding a successful Lanham Act plaintiff an accounting for the defendant's profits: (1) to avoid unjust enrichment; (2) as a proxy for plaintiff's actual damages; and (3) to deter infringement.").

Diageo has produced no evidence of unjust enrichment by Deutsch, no evidence of actual damages suffered by Diageo and no evidence of a need to deter Deutsch from infringement in view of the absence of significant actual confusion evidence or similarity in the parties' bottles.

The Second Circuit has held that a plaintiff cannot obtain "defendant's profits" and then use those same profits as a proxy to estimate the "plaintiff's damages." *See Polo Fashions, Inc. v. Extra Special Prods., Inc.*, No. 77 Civ. 5023, 1980 WL 30287, at *8 (S.D.N.Y. Mar. 5, 1980) (damages and profits may not be awarded together if based on the same sales); *Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co.*, 630 F. Supp. 2d 255, 265 (E.D.N.Y. 2008) (denying recovery of plaintiff's own lost profits as damages in addition to defendant-competitor's profits from its infringing sales: "awarding plaintiff both defendant's profits and its own lost profits based on the same sales would constitute an impermissible double recovery"); *Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, No. 14-CV-585 (AJN), 2018 WL 4253181, at *16 (S.D.N.Y. Sept. 5, 2018) ("And while the Lanham Act uses the word 'and' in between 'defendant's profits' and 'damages sustained by the plaintiff,' suggesting that a prevailing plaintiff may recover both its damages and defendant's profits, it is also well-settled that both should not be awarded simultaneously if it would result in over-compensation.").

Binding precedent and the Federal Rules of Civil Procedure prohibit Diageo from attempting to introduce evidence relating to any damages or other monetary relief apart from that identified in its damage expert's report. This means it cannot offer evidence of its own lost profits, or any reasonable royalty or any other monetary relief apart from an equitable accounting of Deutsch's profits.

**CONCLUSION**

For the reasons set forth above, Deutsch respectfully requests that this Court issue an order precluding Diageo from introducing any evidence of any category of damages or monetary relief other than an equitable accounting of Defendant's profits.

Respectfully submitted,

Dated: June 18, 2021        By: _____

Michael A. Grow, pro hac vice
1717 K Street, NW
Arent Fox LLP

Washington, DC 20006
Tel.:  (202) 857-6000
Fax:  (202) 857-6395
Michael.Grow@arentfox.com


Howard Graff
Michael Cryan
Eric Biderman
Lindsay Korotkin
Arent Fox LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Tel.:  (212) 484-3900
Fax:  (212) 484-3990
Howard.Graff@arentfox.com
Michael.Cryan@arentfox.com
Eric.Biderman@arentfox.com
Lindsay.Korotkin@arentfox.com

Attorneys for Defendants/Counterclaim Plaintiffs W.J. Deutsch & Sons Ltd. d/b/a Deutsch Family Wine & Spirits and Bardstown Barrel Selections LLC