ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/7/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X
DIAGEO NORTH AMERICA, INC.,

               Plaintiff,         17 Civ. 4259 (LLS)

   - against -                ORDER

W.J. DEUTSCH & SONS LTD. ET AL.,

               Defendants.
- - - - - - - - - - - - - - - - - - - -X

    Before the Court is Deutsch's Motion for Clarification of the September 7, 2022 Permanent Injunction (Dkt. No. 476), which Diageo opposes, Dkt. No. 481.

    The parties' familiarity with the facts of the case is assumed and the Court recounts only what is necessary.

    As a result of the jury's verdict finding Deutsch's Redemption bottle packaging dilutes Diageo's Bulleit trade dress this Court entered, on September 7, 2022, a Permanent Injunction Order, Dkt. No. 468, prohibiting the sale of the Diluting Redemption Packaging at issue in this litigation and any colorable imitation of it. Deutsch's motion seeks to clarify that its use of the Redemption Sur Lee Bottle Design or a similar or comparably modified design complies with the terms of the injunction. Dkt. No. 477 at 3.

-1-



Opposing, Diageo argues that the Sur Lee bottle design retains a similar "look and feel" to the enjoined Redemption Packaging, and the proposed use of that design fails to make the required clear and unequivocal break from both the prior diluting trade dress and Diageo's mark, violating the Permanent Injunction. Dkt. No. 493 at 1.

Diageo urges the Court to apply the Safe Distance Rule in determining whether the Sur Lee Bottle or comparably modified versions violate the Permanent Injunction. Under the Safe Distance Rule, "a party who has once infringed a trademark may be required to suffer a position less advantageous than that of an innocent party, and a court can frame an injunction which will keep a proven infringer safely away from the perimeter of future infringement." Car Freshner Corp. v. D & J Distrib. & Mfg., Inc., 14-CV-391, 2016 WL 315949, at *2 (S.D.N.Y. Jan. 8,

2016); see also Wella Corp. v. Wella Graphics, Inc., 37 F.3d 46, 48 (2d Cir. 1994).

The Safe Distance Rule is generally applied after a finding of liability when the Court is interpreting or enforcing an injunction. It "has generally been applied in consideration of a party's duty to abide by a previous court order upon a finding of infringement." Cartier, Inc. v. Four Star Jewelry Creations, Inc., 348 F. Supp. 2d 217, 254 (S.D.N.Y. 2004). It is a yardstick by which the Court can measure whether a defendant, who has been found to violate the trademark rights of another, is keeping a wide berth between its proffered new mark and the plaintiff's protected mark.

Within the Second Circuit and across the country, courts have applied the Safe Distance Rule when there has been a finding of both trademark infringement and dilution. See, e.g., Car Freshner Corp., 2016 WL 315949, at *2 (applying the Safe Distance Rule following verdict of infringement and dilution); N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc., 704 F. Supp. 2d 305, 345-46 (S.D.N.Y. 2010) (same). However, this Court is unaware that the safe distance rule has been applied in circumstances when a defendant—like Deutsch here—was only found liable for dilution, and non-willful.

The Safe Distance Rule is not the rule of decision in this case, although it supports the outcome, because the close

question whether the proffered Sur Lee bottle or a comparably modified version complies with the Permanent Injunction is disposed of by the Injunction itself.

The Sur Lee bottle is generally similar to the other bottles in the Redemption line, but is visually altered by a skirt of brown glass which obscures the base (which itself is newly elaborated by a striking label) and lightens in darkness as it rises towards the shoulders of the bottle.

These new aspects will tend to guide a purchaser away from the initial impression that the bottle is part of the Bulleit brand. However, it is a close question whether she is apt to be left in doubt; and whether those aspects are so conspicuous as to make the Sur Lee bottle instantly distinct, beyond mistake, from the diluting bottle.

The situation is controlled by the language of the Injunction.

The Permanent Injunction ordered Deutsch "to undertake a change to the Redemption glass bottle and packaging that will convey a substantially different commercial impression . . ." Dkt. No. 468 at 36. It required that the "Redemption package must have no superficial, at a glance, resemblance to the Bulleit bottle." Id.

No customer can be in doubt; nor can there be a question about the bottle's difference from that of Diageo.

Those provisions bar the Sur Lee bottle design's proposed half-step alterations to the Redemption packing just as effectively as the Safe Distance Rule would.

Deutsch's motion for clarification is denied.

So Ordered.

Dated:  New York, New York
        November 7, 2022

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.